IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

---

| | | |
|---|---|---|
| JASON P. TOPE, | ) | Cause No. CV 07-159-BLG-RFC-CSO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA, | ) | |
| | ) | |
| Respondent. | ) | |

---

On November 26, 2007, Petitioner Jason Tope filed this action seeking a writ of habeas corpus under 28 U.S.C. § 2254.  Tope is a state prisoner proceeding pro se.

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading.  The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Id.  If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order."  Id.

**II. Background**

Tope pled guilty in Montana's First Judicial District Court, Lewis and Clark County, to

criminal production of marijuana, criminal mischief, four counts of theft, and two counts of burglary. The charges were filed in four separate cases. He was sentenced to a fifteen-year term. He successfully completed the Swan River boot camp program, and on December 13, 1996, the remainder of his sentence was suspended. On October 15, 1997, Tope's probation was revoked because he drank and smoked marijuana. Sentence was reimposed and re-suspended on condition that Tope complete a treatment program in Minnesota. Tope's supervision was transferred to the State of Minnesota on February 6, 1998.

On November 7, 2001, Tope was arrested in Minnesota. On May 29, 2003, he was sentenced by a Minnesota court to serve 153 months in the custody of the Minnesota Department of Corrections.

On March 26, 2003, Judge Sherlock, of Montana's First Judicial District Court, issued a warrant for Tope's arrest based on charges that his conduct in Minnesota violated the terms of his suspended sentence in Montana.

Tope filed a petition in this Court on November 26, 2007.

### III. Tope's Allegations

Tope claims, first, that any time he might serve on revocation of his Montana probation should be satisfied by the time he serves in Minnesota. See Pet. at 2.

Second, Tope complains that his Minnesota sentence was doubled by the fact that he had previously been sentenced in Montana. See id.

Third, Tope states that his Minnesota release date is later than his Montana release date. See id.

Fourth, Tope asserts that he was entitled to good time when he was sentenced in Montana, but because he is now serving a new 153-month Minnesota sentence and is entitled to less good time, he will spend more time in prison than he would have if he had simply served his Montana sentence in prison. See id.

**IV. Analysis**

There are several defects in Tope's petition. He fails to name a respondent over whom the Court may exercise personal jurisdiction. He probably filed in the wrong Division in this Court. Some or all of his claims may be barred on procedural grounds, such as procedural default or the statute of limitations. However, it is clear that he is not entitled to relief on the merits of his claims. Accordingly, it is more efficient to proceed to the merits. See, e.g., 28 U.S.C. § 2254(b)(2); Lambrix v. Singletary, 520 U.S. 518, 524-25 (1997) (making detailed analysis of constitutional issue despite outstanding question as to procedural bar).

Federal habeas jurisdiction lies only for petitioners who allege that they are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Tope does not allege any federal right that is violated by his current custody situation, and the Court is not aware of any. Tope may argue to the Montana court that decides his probation violation matter that he should be sentenced to time served, but there is no federal basis on which this Court could make such a ruling. Claim 1 should be denied. There is no federal guarantee against imposition of higher sentences based on defendants' criminal records, so Claim 2 lacks merit. The fact that Tope's Minnesota sentence will expire after his Montana sentence would have expired had he not been arrested is not relevant to any federal right, so Claims 3 and 4 are baseless. To whatever extent

Tope is attempting to allege double jeopardy, he fails to do so. The State of Montana and the State of Minnesota are separate sovereigns and each is entitled to punish persons who violate its laws. See Heath v. Alabama, 474 U.S. 82, 88 (1985) ("successive prosecutions by two States for the same conduct are not barred by the Double Jeopardy Clause."). The petition should be denied on the merits.

## V. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis. Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025. The Court must "state why a certificate should not issue." Fed. R. App. P. 22(b)(1) (emphasis added).

### B. Discussion

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Tope seeks habeas relief because he can think of factual scenarios under which he would serve less prison time. Certainly, he would have been released from prison sooner if Judge Sherlock had not suspended his Montana sentence and simply required him to serve a fifteen-year term under Montana law. He would have been released sooner if he had served out his probationary term in Minnesota without being arrested. But he *was* sentenced to a suspended term, and he *was* arrested for doing something – he does not say what – that earned him a 153-month prison sentence in Minnesota and also constitutes grounds for revoking his Montana probation. The Court is not aware of any federal constitutional right that is violated by the fact that Tope faces the prospect of two separate, lengthy sentences for violating the laws of two separate States. See Heath v. Alabama, 474 U.S. 82, 88 (1985). A COA should be denied.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Tope's Petition (*Court's Doc. No. 1*) should be DENIED on the merits.

2. The Clerk of Court should be directed to enter by separate document a judgment against Petitioner and in favor of Respondent.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Tope must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this case without notice to him.

DATED this <u>4th</u> day of August, 2008.

/s/ Carolyn S. Ostby
Carolyn Ostby
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6