IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
BILLINGS DIV.
2008 SEP 3 AM 11 28
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| JASON P. TOPE, | ) | |
| | ) | CV-07-159-BLG-RFC |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS AND |
| MONTANA, | ) | RECOMMENDATION OF |
| | ) | U.S. MAGISTRATE JUDGE |
| Respondent. | ) | |

On August 4, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation with respect to Tope's 28 U.S.C. § 2254 petition for a writ of habeas corpus (*Doc. 1*). *Doc. 3*. Magistrate Judge Ostby recommends that while there are serious questions as to whether Tope's petition is procedurally improper, the petition can more efficiently be denied on its merits. It is further recommended that Tope be denied a certificate of appealability.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] Tope's objections dated August 18, 2008 (*Doc. 4*) require this Court to make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). To the extent Tope's objections are decipherable and relevant to the issues before the Court, they are devoid of any merit.

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

Tope's first objection is apparently that he disagrees with the legal argument of the Findings and Recommendation because he presents a cause of action "in regards to the Interstate Agreement on Detainers." However, the Interstate Agreement on Detainers does not provide a cause of action. If there are pending charges against Tope brought by State of Montana for which a detainer has been filed, the Interstate Agreement on Detainers authorizes Tope to file an appropriate notice with the prosecutor requesting a final disposition of those charges, but the Interstate Agreement on Detainers is not relevant to the grounds for relief presented by the instant habeas petition.

Second, Petitioner disagrees with Magistrate Ostby's conclusion that the states of Montana and Minnesota are allowed to punish him separately for crimes committed within their borders. Tope's disagreement is noted, but again, Tope's citation to the Interstate Agreement on Detainers does not help him.

Third, Tope objects that Montana has jurisdiction to place a warrant or detainer on him. Specifically, he cites Magistrate Judge Ostby's factual finding that "Tope's supervision was transferred to the State of Minnesota on February 6, 1998" for the argument that the State of Montana has no right to punish him. Tope is incorrect. The fact that Montana allowed Tope to be supervised in Minnesota so he could receive treatment there does not mean Montana abandoned any hold it had on him for his prior convictions.

Finally, Tope objects "to the length of time from the issuance of the Montana detainer/warrant until present." Considering Tope's allegation that he "made the prosecution in Montana (as well as the court there) aware of his divergence," it appears to the Court that Tope claims he should have been returned to Montana to face the charges pursuant to Art. III of the

Interstate Agreement on Detainers. In any event, assuming the Court has properly deciphered Tope's fourth objection, this is an allegation which was not made in Tope's habeas petition. It is therefore not a proper objection to the Findings and Recommendations.

Further, although Tope does allege that subsequent to his Minnesota conviction the Montana court issued warrant/detainer with respect to his suspended sentence, there is no evidence of "any untried indictment, information, or complaint" filed against him in Montana. Therefore, to the extent the Interstate Agreement on Detainers is relevant, it is not helpful to Tope.

After a de novo review, Magistrate Judge Ostby correctly concluded that Tope has not alleged that any of his rights under federal law have been violated by his detention. Tope's current detention arises from the fact that he committed further crimes while subject to a suspended sentence and not from deprivation of any rights he has under federal law. The Findings and Recommendation of Magistrate Judge Ostby, being well-grounded in law and fact, are adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** as follows:

(1)   Tope's § 2254 petition (*Doc. 1*) is DENIED ON ITS MERITS;

(2)   a Certificate of Appealability is DENIED; and

(3)   The Clerk of Court shall enter by separate document a judgment in favor of Respondent and against Petitioner.

DATED this ___ day of September, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

3